UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 4:13-CR-617 |
| | § | |
| ROSENDO FLORES-ALCORTA | § | |

## MEMORANDUM AND ORDER

Defendant Rosendo Flores-Alcorta pled guilty to the charge of illegal re-entry of a previously deported alien after an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b). The Presentence Investigation Report recommends adding sixteen points to the base offense level of eight due to Flores-Alcorta's prior conviction for the manufacture and delivery of cocaine over 400 grams. (Doc. No. 19 at ¶ 16.) The United States Sentencing Guidelines ("Guidelines") mandates a sixteen level enhancement if the defendant was previously convicted of a "drug trafficking offense," for which the sentence exceeded thirteen months. U.S.S.G. § 2L1.2(b)(1)(A). Flores-Alcorta objects that his prior conviction does not necessarily qualify as a "drug trafficking offense." (Doc. No. 17.) The Court finds that Flores-Alcorta's objection must be **SUSTAINED**.

### I. LEGAL STANDARD

Under the "categorical approach," the Court may look only to the elements of a prior conviction to determine whether it satisfies the requirements for a sentence enhancement. *Taylor v. United States*, 495 U.S. 575, 600-02 (1990); *Descamps v. Unites States*, 133 S. Ct. 2276, 2281 (2013). The elements of the prior conviction must be "the same as, or narrower than, those of the generic offense," the crime mandating a sentence enhancement. *Descamps*, 133 S. Ct. at 2281. A defendant's prior conviction does not qualify for the sentence enhancement if it

"sweeps more broadly than the generic crime . . . even if the defendant actually committed the offense in its generic form." *Id.* at 2283.

For example, the Armed Career Criminal Act ("ACCA") mandates a sentence enhancement for certain federal defendants who have three prior convictions "for a violent felony," including "burglary." *Taylor*, 495 U.S at 578. The Supreme Court concluded that the basic elements of burglary, for the purposes of the sentence enhancement, were "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599. A conviction for burglary under California law requires only that a person "enter[]" certain locations "with intent to commit grand or petit larceny." *Descamps*, 133 S. Ct. at 2282 (citing Cal. Penal Code § 459). The Supreme Court held that the California statute sweeps more broadly than the generic offense since the California statute does not require the entry to be "unlawful." *Id.* at 2282, 2286. As such, the California statute could not serve as the basis for a sentence enhancement. *Id.* at 2293. "Whether [the defendant] *did* break and enter makes no difference." *Id.* at 2286 (emphasis in original).

This categorical approach is modified slightly when the statute of conviction contains alternative elements. *Descamps*, 133 S. Ct. at 2281. When confronted with such a statute, the sentencing court can "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* The Court can then proceed, as with the categorical approach, to compare the specific elements of the defendant's prior conviction with the generic elements for the sentence enhancement. *Id.* at 2285. The focus of the Court's inquiry remains on the elements of the prior conviction, rather than the facts of the crime. *Id.*

## II.   ANALYSIS

The question thus posed is whether the statutory elements of Flores-Alcorta's conviction render it, categorically, a drug trafficking offense. *See, e.g.*, *United States v. Hernandez-De Aza*, 536 Fed. Appx. 404, 407 (5th Cir. 2013).  Both parties agree that Flores-Alcorta's prior conviction was for violation of Texas Health & Safety Code § 481.112(a). (Doc. No. 17 at 2; Doc. No. 18 at 1.)  A violation of this section occurs when a "person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1." Tex. Health & Safety Code § 481.112(a).  Flores-Alcorta's indictment specifies that his conviction rests on the third of these alternatives – possession with intent to deliver. (Doc. No. 20.)

Deliver is defined as "transfer[ing], actually or constructively, to another a controlled substance . . ." Tex. Health & Safety Code § 481.002(8).  Texas law has clarified that "delivering . . . is divided into three forms: administering, dispensing, and distributing." *Santoscoy v. State*, 596 S.W.2d 896, 899 (Tex. Crim. App. 1980).[1]  Possession with intent to deliver by any one of these three means supports a conviction under Section 481.112(a). *See id.* A defendant can therefore be convicted under Texas law for possession with intent to administer. Administer is defined as follows:

> "Administer" means to directly apply a controlled substance by injection, inhalation, ingestion, or other means to the body of a patient or research subject by:
>
> (A) a practitioner or an agent of the practitioner in the presence of the practitioner; or
>
> (B) the patient or research subject at the direction and in the

---

[1] In *Descamps*, the Supreme Court "reserve[d] the question whether, in determining a crime's elements, a sentencing court should take account not only of the relevant statute's text, but of judicial rulings interpreting it." 133 S. Ct. at 2291.  The State has not objected to the consideration of *Santoscoy* in elucidating the statutory elements of the Texas offense.

>     presence of a practitioner.

Tex. Health & Safety Code § 481.002(1).

The Guidelines define a "drug trafficking offense" as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, *distribute, or dispense*." U.S.S.G. 2L1.2, comment n.1(B)(iv) (emphasis added). Critically, the statute does not include possession with intent to administer. Of the three forms of delivery mentioned above, the Guidelines include only distribution and dispensation.

"Administering" appears by incorporation in the federal definition of "dispensing." Specifically:

>     The term "dispense" means to deliver a controlled substance to an
>     ultimate user or research subject *by, or pursuant to the lawful
>     order of, a practitioner*, including the prescribing and
>     *administering* of a controlled substance and the packaging,
>     labeling or compounding necessary to prepare the substance for
>     such delivery.

21 U.S.C. § 802(10) (emphasis added). Under this definition, however, the administration of a controlled substance must be "by, or pursuant to the lawful order of, a practitioner." *Id.* This limitation renders the generic offense narrower than the Texas offense. Just as the California offense of burglary sweeps more broadly than the generic offense of burglary since it does not require entry to be unlawful, the Texas offense of possession with intent to deliver sweeps more broadly than the generic offense of drug trafficking since it does not require administration to be pursuant to the lawful order of a practitioner.

The prosecution argues that the scope of the two statutes must be the same since the

definitions for administer and dispense are virtually identical across the two statutes.[2]  This argument ignores, however, the structure of the two statutes.  The Texas law prohibits possession with intent to "deliver" a controlled substance.  Tex. Health & Safety Code § 481.112(a).  Delivery, in turn, encompasses the administration, dispensation, or distribution of a controlled substance.  *Santoscoy*, 596 S.W.2d at 899.  Possession with intent to administer is therefore sufficient for a conviction under the Texas law.  *See id.*  In contrast, the Guidelines apply to the possession of a controlled substance with intent to "distribute, or dispense."  U.S.S.G. 2L1.2, comment n.1(B)(iv).  Possession with intent to administer is not sufficient under the Guidelines unless it fits within the definition of dispensation, which requires administration to be done "by, or pursuant to the lawful order of, a practitioner." *See* 21 U.S.C. § 802(10).

An example illustrates the limiting impact of nesting administration within dispensation in the Guidelines.  Consider the hypothetical of "an office assistant who injects a person with non-medically necessary steroids in the presence of a physician."  (Doc. No. 24 at 3.)  The office assistant could be convicted under the Texas law since he delivered a controlled substance by

---

[2] The definitions for dispense:

"The term 'dispense' means to deliver a controlled substance to an ultimate user or research subject by, or pursuant to the lawful order of, a practitioner, including the prescribing and administering of a controlled substance and the packaging, labeling or compounding necessary to prepare the substance for such delivery."  21 U.S.C. 802(10).

"'Dispense' means the delivery of a controlled substance in the course of professional practice or research, by a practitioner or person acting under the lawful order of a practitioner, to an ultimate user or research subject.  The term includes the prescribing, administering, packaging, labeling, or compounding necessary to prepare the substance for delivery."  Tex. Health & Safety Code § 481.002(12).

The definitions for administer:

"The term 'administer' refers to the direct application of a controlled substance to the body of a patient or research subject by (A) a practitioner (or, in his presence, by his authorized agent), or (B) the patient or research subject at the direction and in the presence of the practitioner, whether such application be by injection, inhalation, ingestion, or any other means." 21 U.S.C. § 802(2).

"'Administer' means to directly apply a controlled substance by injection, inhalation, ingestion, or other means to the body of a patient or research subject by (A) a practitioner or an agent of the practitioner in the presence of the practitioner; or (B) the patient or research subject at the direction and in the presence of a practitioner."  Tex. Health & Safety Code § 481.002(1).

administration – namely, he injected a controlled substance into the body of a patient or research subject as an agent of the practitioner and in the presence of the practitioner.  *See* Tex. Health & Safety Code § 481.002(1).  The office assistant's crime, however, does not satisfy the requirements for a drug trafficking offense.  Although he "administered" a controlled substance, he did not act pursuant to the lawful order of a practitioner and thus never "dispensed" a controlled substance.  Administration, standing alone, is not included in the statutory definition of a drug trafficking offense.  *See* U.S.S.G. 2L1.2, comment n.1(B)(iv).  His conduct, although covered by the Texas statute, falls outside the Guidelines' definition of a drug trafficking offense.

The Court is aware that this theoretical discussion may have little to do with the facts of this case.  Nevertheless, the categorical approach – and its modification – dictates that the Court strictly compare the elements of the prior offense of conviction to the elements of the generic offense for sentence enhancement.  Since the Texas statute defines Flores-Alcorta's offense more broadly that the Guidelines' definition of a drug trafficking offense, the sentence enhancement cannot be imposed regardless of the facts of Flores-Alcorta's case.  *See Descamps*, 133 S. Ct. at 2286.

The Fifth Circuit's decision in *United States v. Marban-Calderon*, 631 F.3d 210 (5th Cir. 2011), does not compel a contrary result.  In that case, the Fifth Circuit compared the same Texas statute to the Guidelines' definition of a drug trafficking offense, but focused on a different discrepancy.  Prior to 2008, an "offer to sell" was sufficient for a conviction under the Texas law, but insufficient for a sentence enhancement under the Guidelines' definition of a drug trafficking offense.  *Marban-Calderon*, 631 F.3d at 212.  Given this discrepancy, the Fifth Circuit had previously held that the offense did not qualify for a drug trafficking enhancement.  *Id.* at 211.

In *Marban-Calderon*, the Fifth Circuit held that a conviction under the Texas law could be the basis for a sentence enhancement after a 2008 amendment to the Guidelines added "offer[s] to sell" to the definition of drug trafficking offense. *Id.* at 212-13. The Fifth Circuit never considered the discrepancy raised by Flores-Alcorta in this case. Having identified another way in which the Texas law is categorically broader than the Guidelines' definition, this Court must act as the Fifth Circuit did prior to the 2008 amendment and find the sentence enhancement unwarranted.

### III.   CONCLUSION

For the foregoing reasons, the Court concludes that Flores-Alcorta's objection must be **SUSTAINED**.

**IT IS SO ORDERED.**

**SIGNED** on this the 5th day of February, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE